**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARVIN PRIDE, personal representative
of the Estate of Shirley Steele, deceased,

      Plaintiff,                         Case No. 10-13988
                                             Hon. Gerald E. Rosen

v.

ALLSTATE INSURANCE COMPANY, an
Illinois corporation, and
COLLIDGE HARDY PRIDE, an individual

      Defendants.
_____/

## OPINION AND ORDER GRANTING
## WILLIAM BEAUMONT HOSPITAL'S MOTION TO INTERVENE AS AN
## INTERVENING PLAINTIFF

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on          February 18, 2011     

PRESENT:   Honorable Gerald E. Rosen
                   Chief Judge, United States District Court

## I. INTRODUCTION

On September 10, 2010, Plaintiff, Marvin Pride, filed suit against Allstate

Insurance Company in Wayne County Circuit Court alleging that Allstate failed to pay

benefits under a no-fault insurance policy. Marvin Pride is the personal representative of

the estate of Shirley Steele, who is deceased.

Shirley Steele was a passenger in a motor vehicle being operated by Collidge

Hardy Pride when she was injured in an accident. After the accident, William Beaumont

Hospital provided medical care to Ms. Steele.  Plaintiff alleges, that under the terms and conditions of Ms. Steele's no-fault insurance policy, Allstate became obligated to pay for expenses arising out of the accident.

A settlement was reached with Defendant Collidge Hardy Pride, and he was dismissed from the lawsuit while it was still pending in Wayne County Circuit Court. Afterwards, Allstate filed a proper Notice of Removal and the case was removed to this Court.  William Beaumont Hospital ("Beaumont") has now filed a motion pursuant to Rule 24 of the Federal Rules of Civil Procedure and seeks to intervene in this action.  To date, neither Plaintiff, Marvin Pride, nor Defendant Allstate have filed a response opposing the motion.

Having reviewed and considered Beaumont's motion, supporting brief, and the entire record of this matter, the Court finds that the pertinent facts and legal contentions are sufficiently presented in these materials, and that oral argument would not assist in the resolution of this matter.  Accordingly, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the Court will decide Defendant's motion "on the briefs." This Opinion and Order sets forth the Court's ruling.

## II.  <u>FACTUAL BACKGROUND</u>

In July 2009, Shirley Steele was injured in an automobile accident.  At the time, she was covered under a no-fault automobile insurance policy executed by Allstate Insurance Company.  Pursuant to the terms of this insurance policy, Allstate was obligated to pay certain expenses if Shirley Steele sustained bodily injury in an accident

2

arising out of the ownership, maintenance, or use of a motor vehicle.  (Compl. ¶ 11.)

On July 6, 2009, Shirley Steele was a passenger in an automobile operated by Collidge Hardy Pride.  According to the Complaint Collidge Pride drove into the path of an oncoming vehicle, causing a collision that seriously injured Ms. Steele. (Compl. ¶¶ 6-8, 13.) Ms. Steele was subsequently treated at Beaumont Hospital where she incurred expenses for medical and hospital care. (Compl. ¶ 14.) These medical services totaled $301,306.72. (Mot. to Intervene at 3.)  Ms. Steele is now deceased.   Plaintiff Marvin Pride is the personal representative of Shirley Steele's estate. Plaintiff alleges that Allstate is liable to pay Ms. Steele's medical expenses due to the no-fault insurance coverage, but Allstate has refused to pay. (Compl. ¶¶ 15-16.

Among the items for which Plaintiff is seeking payment from Allstate is payment of the deceased's hospital bills. (Mot. to Intervene at 3.) Beaumont Hospital now brings this motion to intervene as a matter of right or by permission, as an intervening plaintiff. (Mot. to Intervene at 3.)

### III.  STANDARD OF REVIEW

Intervention pursuant to Federal Rule of Civil Procedure 24 is broadly construed in favor of the intervening parties. *See Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991).   Rule 24(a) provides,

> On timely motion, the court *must* permit anyone to intervene who: (1) is given an unconditional right to intervene by federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately

3

represent that interest.

Fed. R. Civ. P. 24(a) (emphasis added).

As a general rule, if an intervenor "would be substantially affected in a practical sense by the determination made in an action," the intervenor should be entitled to intervene. *See* Advisory Committee Note, Fed. R. Civ. P. 24(a)(2). In addition, "[o]n timely motion, the court *may* permit anyone to intervene who: (1) is given a confidential right to intervene by a federal statute; or (2) has a claim or defense that shares with the main action a common questions of law or fact." Fed. R. Civ. P. 24(b)(1)(2) (emphasis added). However, the intervention of a third party cannot "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Furthermore, even if someone satisfies the requirements for permissive intervention does not mean the court has to allow it -- the courts are given broad discretion when determining permission to intervene. *See generally Meyer Goldberg, Inc. of Lorain v. Goldberg*, 717 F.2d 290 (6th Cir. 1983).

## IV. <u>DISCUSSION</u>

### A. **Intervention as of Right**

To intervene as of right, the intervenor must meet four factors: (1) the motion to intervene must be timely; (2) the intervenor must have a substantial legal interest in the subject matter of the case; (3) the intervenor's ability to protect its interest may be impaired without intervention; and (4) the parties already before the court cannot adequately protect the intervenor's interest. *See* Fed. R. Civ. P. 24(a); *Grutter v.*

4

*Bollinger*, 188 F.3d 394, 397-98 (6th Cir 1999).

To determine if a motion to intervene is timely, all relevant circumstances should be evaluated. *See Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir.1990). The Sixth Circuit has provided five factors to determine timeliness:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Stupak-Thrall v. Glickman*, 226 F.3d 467, 473 (6th Cir. 2000).

Here, Plaintiff commenced this action on September 10, 2010, in Wayne County Circuit Court. Defendant filed its Answer along with the Notice of Removal on October 6, 2010. Shortly thereafter, on November 24, 2010, William Beaumont Hospital filed its motion to intervene. Only two months had passed from the commencement of this action and the filing of the motion to intervene. In addition, the case has not made major progression. At the present time, discovery is still occurring and is not scheduled to close until May 31, 2011.

Second, the Sixth Circuit interprets the concept of *legal interest* liberally. *See Mich. State AFL-CIO v. Miller,* 103 F.3d 1240, 1245 (6th Cir.1997); *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987). A fact-specific analysis is used to determine whether the legal interest is substantial. *Mich. State AFL-CIO*, 103 F.3d at 1245. In the present case, the deceased owes Beaumont Hospital $301,306.72 in medical expenses.

5

Payment of these expenses is what the Plaintiff seeks to recover from Defendant Allstate in this action.  Both Plaintiff and Beaumont have an interest in the payment of the hospital's bill by the insurer.  The hospital's interest is derivative of its patient's interest. Thus, if the patient is unsuccessful, it would impair the hospital's ability to collect from the insurer.

Third, the intervenor has a minimal burden to show that the ability to protect its interest may be impaired without intervention. *Mich. State AFL-CIO*, 103 F.3d at 1247. Rule 24(a) does not require the intervenor to show that the interest will be impaired; it only has to demonstrate that it is *possible*.  *Purnell*, 925 F.2d at 948. Here, intervention allows the hospital to protect its interest in the benefits paid to the Plaintiff. The deceased has an outstanding bill with the hospital. If the Plaintiff is unsuccessful in recovering the benefits from the insurance company, then this negative judgment would, as practical matter, impair the hospital's ability to collect the $301,306.72 it is owed.

Lastly, the burden for establishing inadequate representation is also minimal. Under Rule 24(a), the intervenor does not have to show that representation *will* be inadequate. *Mich. State AFL-CIO*, 103 F.3d at 1247. The inadequate-representation requirement will be satisfied if the intervenor shows that representation of its interest *may* be inadequate.  *See Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n. 10. (1972). Here, Plaintiff's attorney cannot adequately represent the interests of both the decedent's estate, which is the debtor, and the hospital to whom the debt is owed.

By application of the foregoing factors, the Court finds that Beaumont may

intervene in this action as of right.

## B.  Permissive Intervention

Even if the Court were not persuaded that Beaumont is entitled to intervene as of right, the Court nonetheless would grant Beaumont permission to intervene. For a motion for permissive intervention to be granted, the intervenor must meet three requirements: (1) the motion must be timely; (2) the intervenor's claim or defense must have a question of law or fact in common with the action; and (3) the intervention cannot unduly delay or prejudice the adjudication of the original parties' rights. *See* Fed. R. Civ. P. 24(b); *City of St. Louis v. Velsicol Chemical Corp., NWI-1, Inc.*, 708 F. Supp. 2d 632, 668 (E.D. Mich. 2010).

First, like a motion to intervene as of right, a motion for permissive intervention must also be timely. *Stotts v. Memphis Fire Dep't*, 679 F.2d 579, 582 (6th Cir. 1982). In *Stotts*, the Sixth Circuit used the same five factors to determine the timeliness of a permissive-intervention motion, as it did for an intervention-as-of-right motion. *Id.* Therefore, the above discussion of timeliness for the intervention-as-of-right motion satisfies the first requirement of permissive intervention.

For the second requirement, the intervenor's claim or defense must share a common question of law or fact with the action. *Purnell*, 925 F.2d at 950-51. Here, the Plaintiff and hospital both share a common claim: They want to get paid for the medical expenses that are owed by the Plaintiff's decedent.

Lastly, for permissive intervention to be granted, "[t]he court must consider

7

whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). If permitting the intervention would require the discovery to be prolonged, then courts are likely to deny the motion for permissive intervention. *See United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). Here, it does not appear that intervention will unduly delay or prejudice the adjudication of the original parties' rights. It clear from the motion that Beaumont is owed the medical expense that the Plaintiff is seeking to recover, and there are no facts to indicate that discovery would be prolonged. Furthermore, neither the Plaintiff or Defendant has filed any opposition to Beaumont's motion to intervene.

## V.  CONCLUSION

In sum, the Court finds that William Beaumont Hospital has satisfied the requirements for both intervention as of right and permissive intervention. Therefore, Beaumont must be allowed to intervene as a plaintiff in this action.

Accordingly,

IT IS HEREBY ORDERED that, William Beaumont Hospital's Motion to Intervene as an Intervening Plaintiff as a Matter of Right or by Permission **[Dkt. # 6]** is GRANTED.

 s/Gerald E. Rosen
Gerald E. Rosen
Chief Judge, United States District Court

8

Dated:   February 18, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 18, 2011, by electronic and/or ordinary mail.

s/Ruth A.Gunther
Case Manager
(313) 234-5137